The devise over in the will of Jonas Wood before the Act of 1784 would have been held a contingent remainder, and not an executory devise; for though the contingency of one of the (402) brothers, Cullen or Lawrence, dying without issue, might possibly take place in the lifetime of the other, yet such contingency was not necessary to vest the remainder in the defendant, for it might also take place many years after they were both dead, on a failure of issue in tail — the limitation over on the death of either of the brothers is not confined to his dying without issue in the life of the survivor, but would take place on a failure of issue at any future period, however distant; and the death of Cullen in the lifetime of Lawrence, though there were no failure of his issue till after the death of Lawrence, yet Jonas would be entitled to the remainder, so that it is evident the interest of Jonas did not depend on Cullen's dying in the lifetime of Lawrence — the devise over to Lawrence can therefore be considered no other than a remainder, contingent on the failure of the issue in tail, of course void under the laws of this country.
The devise in the will of Cullen, after giving several specific legacies to his wife of negroes, stock, etc., he adds in the same clause: "Also all the remainder of my estate, both within or out, that was not before given away." This gives his wife all the residue of his personal estate; and had he gone no further, there might have been some reason to conclude that he meant to give no more than personal estate. He then goes on as follows: "All the residue of my estate, and every part thereof, I give to my wife, Sarah Wood, she paying all my just debts, funeral charges, etc., to her and her heirs forever." This last appears to me a distinct devise, independent of anything that went before; and if it did not operate as a devise of his lands, it would be altogether nugatory, his *Page 335 
whole personal estate having been before disposed of in the most unequivocal terms.
It is observable that where the testator gives the remainder of his personal estate, he uses no words of inheritance, whereas in the last devise he expressly gives to her and her heirs forever.
Wherefore, it is my opinion that, under the will of Jonas Wood, Cullen took an estate in fee, and that the devise over to Jonas is void, the contingency upon which it was to take effect being too remote.
I am also clearly of opinion that the plaintiff, Sarah, took an (403) estate in fee in all the lands whereof her former husband, Cullen Wood, died seized; therefore, that judgment should be entered for the plaintiffs.